IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET A. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07CV682-WKW |
| | ) |
| DIALYSIS CLINIC, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Margaret A. Carter, by and through her attorneys of record, and for her Complaint against the Defendant, Dialysis Clinic, Inc., states as follows:

### STATEMENT OF THE CASE

1.   Plaintiff has been affected by Defendant's discriminatory practices involving the terms and conditions of her employment and her termination, as alleged hereinbelow, and seeks permanent relief from Defendant's unlawful discrimination pursuant to The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA).

### JURISDICTION AND VENUE

2.   This action arises under the Family and Medical Leave act of 1993,

29 U.S.C. § 2601 *et seq.*

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 2601 *et seq.* because this civil action arises under the laws of the United States.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(c) and 29 U.S.C. § 2601 *et seq.* because Defendant corporation is doing business within this judicial district, the claims alleged herein arose in this judicial district, and the Defendant corporation charged with the violation is located in this judicial district.

## PARTIES

5. Plaintiff, Margaret A. Carter, is an adult female resident of the State of Alabama and of this judicial district. At the time this cause of action arose, Plaintiff was employed by Defendant, had been employed by Defendant for at least twelve months, and was employed for more than 1,250 hours of service with Defendant during the previous twelve month period. Thus, Plaintiff qualifies as an "Eligible Employee" under the meaning of the FMLA.

6. Defendant, Dialysis Clinic, Inc., is a Tennessee corporation doing business in Bullock County, Alabama. Defendant does business in the State of Alabama, employs at least fifty (50) persons, and thus is an "Employer" under the meaning of the FMLA.

## STATEMENT OF FACTS

7. Margaret A. Carter ("Ms. Carter" or "Plaintiff") began working for Defendant in or about May 2000, and was continuously employed by Defendant until she was wrongfully terminated on or about July 26, 2005.

8. At the beginning of her employment with Defendant, Ms. Carter was employed as a Staff Registered Nurse. She worked as a dialysis nurse, earning $18 to $19 per hour.

9. Within a year of the beginning of her employment with Defendant, Ms. Carter became a Charge Nurse, earning $19 to $20 per hour.

10. At the time of her termination, Ms. Carter held the position of Charge Nurse/Team Leader, making $22 per hour.

11. Ms. Carter reported to Karen Hamilton, R.N., who was Director of Nurses and Clinical Manager, and held the title of Nurse Manager.

12. Ms. Carter had a heart attack on May 9, 2005.

13. She was out on FMLA and personal leave from May 9 to July 23, 2005. Ms. Carter's FMLA leave lasted until June 23, and her thirty days of personal leave covered her until July 23, 2005.

14. Ms. Carter had taken about a month of FMLA leave earlier in the year for foot surgery and an intestinal blockage.

15. During her FMLA leave, Ms. Carter updated Defendant regarding her condition every week, as Defendant had requested.

16. Ms. Carter's cardiologist released her with regard to her heart problems after three weeks. He assigned her to the care of her family doctor.

17. Ms. Carter's family physician, Dr. Domingo in Union Springs, placed a work restriction on Ms. Carter of a maximum of eight-hour days for two weeks.

18. Prior to her heart attack, Ms. Carter worked four days a week, ten to twelve hours a day.

19. While she was out on FMLA leave, her shift was changed to three days a week, thirteen to fourteen hours a day.

20. The week before Ms. Carter was supposed to return to work, she spoke with Ms. Hamilton to confirm that Dr. Domingo's office had faxed a letter to Ms. Hamilton setting out the eight-hour restriction.

21. The letter that Dr. Domingo's office faxed to Ms. Hamilton mistakenly placed a permanent eight-hour restriction on Ms. Carter, instead of the two-week restriction that Dr. Domingo had intended.

22. Ms. Carter informed Dr. Domingo's office of the mistake, and a corrected letter was faxed to Defendant.

23. Ms. Hamilton informed Ms. Carter that she could not come back and

work eight-hour shifts.

24. Ms. Carter was informed by letter, dated July 26, 2005, that she was being fired.

25. In the letter, P.L. (Lee) Ashbury, Jr., Administrator for Defendant, stated, "Eight-hour shifts don't work with the clincs [sic] scheduling."

26. About a month before Ms. Carter's heart attack, Defendant offered her the Nurse Manager's Position, which Ms. Carter declined because she was still dealing with health problems.

27. Every year, Ms. Carter performed above the ninetieth percentile in her evaluations.

28. Ms. Carter has more than twenty years of nursing experience, including five years with Defendant.

29. Ms. Carter's new job requires her to travel twice as far to work. When she worked with Defendant, she was three blocks from her mother, age 93. Ms. Carter would often check on her mother after work.

## COUNT ONE
## FMLA - RETALIATION

30. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

31. Plaintiff was denied full benefits and rights under the FMLA in that she was retaliated against based on her exercise of FMLA rights to which she was entitled and her employment was wrongfully terminated. Defendant's actions were in violation of the FMLA, and were taken willfully and with malice or reckless indifference to the federally-protected rights of Plaintiff.

32. As a result of the denial of benefits under the FMLA and her ultimate termination, Plaintiff was caused to be injured and damaged; to have to seek other employment; to have her career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a. Damages equal to the amount of any wages, salary, employment benefits, or other compensation denied to Plaintiff by reason of Defendant's violations;

    b. Any actual monetary losses sustained by Plaintiff as a direct result of Defendant's violations;

    c. Injunctive relief;

    d. Prejudgment interest;

    e. Attorneys' fees;

 f. Costs;

 g. Liquidated damages to deter such conduct in the future; and

 h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of the FMLA or to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

          **Respectfully submitted,**

*/s/ Russell P. Parker*

**John D. Saxon**
**Alabama Bar No. ASB-3258-H57A**
**Russell P. Parker**
**Alabama Bar No. ASB-7571-S74P**
**Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 Third Avenue North**
**Birmingham, AL 35203**
Telephone: (205) 324-0223
Facsimile: (205) 323-1583
Email:  jsaxon@saxonattorneys.com
     rparker@saxonattorneys.com

**PLAINTIFF'S ADDRESS**

**Margaret A. Carter**
1824 Fitzpatrick Road
Fitzpatrick, AL 36029

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Dialysis Clinic, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109