IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET A. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv00682-WKW |
| ) | |
| DIALYSIS CLINIC, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant, Dialysis Clinic, Inc. (hereinafter referred to as "Defendant"), for Answer to the Complaint filed against it, states as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted, except for Plaintiff's allegation that she meets the 1250 hour requirement.

7. Defendant admits that Plaintiff's employment with DCI began in 2000 and ended on or about July 26, 2005. All remaining allegations are denied.

8. Defendant admits the allegations in the first sentence of paragraph 8, and admits that Plaintiff worked as a dialysis nurse. All remaining allegations are denied.

9. Defendant admits that Plaintiff became a Charge Nurse soon after her employment began. All remaining allegations are denied.

10. Defendant admits that, at the time of her discharge, Plaintiff was a Charge Nurse and was making $22.00 per hour. All remaining allegations are denied.

11. Defendant admits that Plaintiff reported to Karen Hamilton, Nurse Manager. All remaining allegations are denied.

12. Defendant admits that Plaintiff reported that she had a heart attack on or about May 9, 2005. Defendant lacks sufficient knowledge or information to form a belief regarding the true nature of Plaintiff's physical problems or condition.

13. Admitted.

14. Admitted.

15. Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 15. Therefore, the allegations of paragraph 15 are denied pending discovery and further investigation.

16. Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 16. Therefore, the allegations of paragraph 16 are denied pending discovery and further investigation.

17. Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 17. Therefore, the allegations of paragraph 17 are denied pending discovery and further investigation.

18. Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph

18.     Therefore, the allegations of paragraph 18 are denied pending discovery and further investigation.

19.     Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 19.     Therefore, the allegations of paragraph 19 are denied pending discovery and further investigation.

20.     Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 20.     Therefore, the allegations of paragraph 20 are denied pending discovery and further investigation.

21.     Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 21.     Therefore, the allegations of paragraph 21 are denied pending discovery and further investigation.

22.     Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 22.     Therefore, the allegations of paragraph 22 are denied pending discovery and further investigation.

23.     Admitted.

24.     Defendant admits that, in a letter dated July 26, 2005, DCI advised Plaintiff that it was terminating her employment effective July 25, 2005.

25.     Defendant admits that, in the letter dated July 26, 2005, DCI explained, "Eight-hour shifts don't work with the clinics scheduling."

26. Due to a change in personnel at the location in question, Defendant currently lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 26. Therefore, the allegations of paragraph 26 are denied pending discovery and further investigation.

27. Denied. Defendant admits that Plaintiff received Performance Appraisal Scores of 97% (August, 2001), 95% (September, 2002), 93% (September, 2003), and 94% (June, 2004)

28. Admitted based on information and belief.

29. Defendant lacks sufficient knowledge or information to form a belief regarding the allegations in paragraph 29.

30. Defendant incorporates its responses to paragraphs 1-29.

31. Denied.

32. Denied.

33. Plaintiff is not entitled to any of the relief that she seeks.

## FIRST DEFENSE

Plaintiff's claim may be barred by the applicable statute of limitation.

## SECOND DEFENSE

Plaintiff's claim is barred to the extent that she has failed to mitigate her alleged damages.

## THIRD DEFENSE

At all times, Defendant acted in good faith and based upon legitimate business reasons.

## FOURTH DEFENSE

All employment decisions made by Defendant respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons, and would have been made for

those other reasons, irrespective of Plaintiff's use of FMLA leave and/or her protected status or conduct under the FMLA Act, if any.

### FIFTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief she requests.

### SIXTH DEFENSE

Defendant states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against Defendant rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, liquidated damages are not recoverable.

### SEVENTH DEFENSE

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

### EIGHTH DEFENSE

To the extent that Plaintiff's claims have been waived, they are barred.

### NINTH DEFENSE

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to Defendant which conduct would have prevented Plaintiff's employment or caused discharge, she is barred from seeking some or all damages.

### TENTH DEFENSE

Defendant pleads the "same actor" defense.

### ELEVENTH DEFENSE

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of Defendant were privileged under the law including, but not limited to, under the employment-at-will doctrine.

5

**WHEREFORE, PREMISES CONSIDERED**, having fully answered, Defendant requests that the Complaint be dismissed in its entirety and that they be awarded their costs incurred in the defense hereof.

DATED this 7th day of September, 2007.

                                               Respectfully submitted,

                                               /s/ Henry C. Barnett, Jr.
                                               Davidson French (TN BPR#015442)
                                               Tim K. Garrett (TN BPR #12083)
                                               Bass, Berry & Sims, PLC
                                               315 Deaderick Street, Suite 2700
                                               Nashville, Tennessee 37238
                                               (615) 742-6240
                                               (615) 742-2740 Fax
                                               Email: dfrench@bassberry.com

                                               Henry C. Barnett, Jr. Esq. (AL BAR 037)
                                               Capell & Howard P.C.
                                               150 South Perry Street
                                               Montgomery, Alabama 36104
                                               (334) 241-8000
                                               (334) 241-8214 Fax
                                               Email: hcb@chlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 7th of September, 2007 a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to

John D. Saxon
Russell P. Parker
Attorneys for Plaintiffs
2119 Third Avenue North
Birmingham, AL  35203

Parties may access this filing through the Court's electronic filing system.

                                                      /s/ Henry C. Barnett, Jr.

6510981.1