IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET A. CARTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:07cv00682-WKW |
| DIALYSIS CLINIC, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

### AFFIDAVIT OF KAREN HAMILTON, R.N.

I, Karen Hamilton, R.N., after being duly sworn, state:

1.   I am over twenty-one (21) years of age, and am otherwise competent to testify. The following statement is a true and accurate account of my own personal knowledge and information.

2.   At all relevant times, I was employed with Dialysis Clinic, Inc. ("DCI") at its clinic in Union Springs, Alabama. In 2005, I was the Nurse Manager at the Union Springs clinic and Margaret Carter's (Plaintiff's) immediate supervisor. As the Nurse Manager, I reported to Mr. Lee Ashbury, Jr., Administrator, who is deceased.

3.   Plaintiff had a heart attack in May of 2005, and DCI granted her request for a leave of absence under the Family and Medical Leave Act (FMLA). Upon the expiration of her FMLA leave, DCI granted Plaintiff a personal leave of absence because she was not able to return to work.

4.   During Plaintiff's leave of absence, DCI adopted new work schedules for all nurses and patient care technicians at the Union Springs clinic. Under the former schedule, full-time nurses worked approximately ten hours per day, four days per week. Under the new

schedule, full-time nurses worked approximately twelve to thirteen hours per day, three days per week. To the best of my recollection, DCI made the schedule change based on the number of patients, its standards for patient care, and cost considerations, including the desire to reduce overtime. The schedule change applied to all nurses and technicians.

5. During Plaintiff's leave of absence in 2005, I discussed with her the nurses' schedules, her physical restrictions, and the possibility of her returning to work. She told me that she could not work 12-13 hour shifts, and she asked whether we would allow her to work 8-hour shifts. I told the Plaintiff that I did not think the clinic could accommodate her request to work eight hours per day, but we did discuss the possibility that DCI might allow her to work two twelve-hour shifts per week. I informed Mr. Ashbury about Plaintiff's status and her request to work eight hours per day.

6. Plaintiff never told me or anyone else that she could work or wanted to work the 12-13 hour shifts that the nurses were working during the summer of 2005.

FURTHER AFFIANT SAITH NOT.

_____
KAREN HAMILTON, R.N.

STATE OF ALABAMA        )
                        )
COUNTY OF Montgomery    )

Personally appeared before me, a Notary Public in and for said County and State, the within named Karen Hamilton, R.N., who, after having been duly sworn, executed the foregoing Affidavit for the purposes therein contained.

WITNESS my hand and official seal this 11th day of June, 2008.


_____
NOTARY PUBLIC

My Commission Expires:

1-29-2011

6847607.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008 a copy of the foregoing Affidavit of Karen Hamilton was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to

John D. Saxon
Russell P. Parker
Attorneys for Plaintiffs
2119 Third Avenue North
Birmingham, AL 35203

Parties may access this filing through the Court's electronic filing system.

s/Davidson French