IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET A. CARTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 2:07cv00682-WKW |
| | ) |
| DIALYSIS CLINIC, INC., | )   **JURY TRIAL DEMANDED** |
| | ) |
|     Defendant. | ) |

**SUPPLEMENT TO REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

When it filed its Reply Brief in Support of its Motion for Summary Judgment ("Reply Brief"), Dialysis Clinic, Inc. ("DCI") had no reason to question the accuracy of all of the facts and arguments therein. However, DCI recently discovered that one assertion in its Reply Brief regarding the receipt of a letter from Plaintiff's physician is not accurate. Defendant submits this supplement in order to correct that error, which is not material to the determination of its Motion for Summary Judgment.

**A.    Discovery of Information that Revealed the Error**

On July 24, 2008, Ms. Glenda Gary, a DCI employee in Montgomery, Alabama, discovered a small file that contained documents concerning Plaintiff's employment. DCI forwarded a copy of that file to its legal counsel in this case. Upon reviewing the file, counsel discovered a copy of a letter from Plaintiff's physician that indicates that DCI's assertion in its Reply Brief that there was no evidence of DCI's receipt of that letter is not correct. A copy of the letter is attached hereto as Exhibit A. DCI has produced the entire file to Plaintiff's counsel.

B.   **Error Concerning Receipt of Letter from Plaintiff's Physician**

In her Response in Opposition to DCI's Motion for Summary Judgment ("Response"), Plaintiff stated that her physician, Dr. Domingo, sent DCI a letter on July 26, 2005, informing it that Plaintiff could work a full shift two days a week. (Plaintiff's Response p. 11 and 12). The letter was not addressed to DCI or any employee of DCI. (Plaintiff Dep. Ex. 19). In its Reply Brief, DCI argued that there was no evidence that the letter was ever sent to DCI or that DCI ever received it. (Reply Brief p. 5). A facsimile transmission notation on the document indicates that it was sent to DCI on July 27, 2005. There is no indication to whom it was sent, and there is no evidence regarding the recipient. A copy of that letter did not appear in any of the files that DCI had discovered and previously had produced to Plaintiff in this case. Nevertheless, it now appears, based upon this recent discovery, that DCI did receive a copy of the letter.

C.   **DCI's Receipt of the Letter is not a Material Fact**

Plaintiff's one claim in this case is that Dialysis Clinic, Inc. ("DCI") discharged her because she took a leave of absence under the Family and Medical Leave Act ("FMLA"). In its Motion for Summary Judgment, DCI argued that (a) Plaintiff could not establish the requisite causal connection between her FMLA leave of absence and her discharge, and (b) she could not demonstrate that DCI's reason for her discharge was a pretext for retaliation. There is no genuine dispute that DCI provided her with all of the FMLA leave and personal leave to which she was entitled by law and under DCI's policies.

In her Response, Plaintiff referred to the referenced letter in connection with her incorrect argument that DCI should have accommodated her physical condition by allowing her to work on a part-time schedule. In the letter, Plaintiff's physician indicated that she could work two twelve-hour shifts for one week. See Exhibit A. However, as DCI argued in its Reply Brief, the

2

FMLA does not require an employer to provide an employee with a reasonable accommodation if the employee cannot return to work at the end of her FMLA leave of absence. Any such claim would be under the ADA, which is not a cause of action before the Court. In any event, even if the FMLA did impose such an obligation upon employers, Plaintiff admitted that she never followed up with DCI about the possibility of working two, twelve-hour shifts. (Id. p. 92, l. 8-13). She admitted that she did not contact DCI about the possibility of working two twelve-hour shifts because "I didn't want to work 12-hour shifts." (Id. p. 90, l. 23 – p. 91, l. 7). Thus, there is no genuine dispute that Plaintiff declined the potential opportunity to work two twelve-hour shifts per week. Furthermore, there is no genuine dispute that, had DCI contacted Plaintiff about that possibility, such action would have been futile given Plaintiff's testimony.

       The discovery of this letter does not change the following facts: Plaintiff has presented no evidence of any causal connection between her FMLA leave of absence and her discharge, and Plaintiff cannot show that DCI's reason for her discharge was a pretext for retaliation. Therefore, Plaintiff's claims should be dismissed as a matter of law.

       DATED this 25th day of July, 2008.

       Respectfully submitted,

       s/Davidson French
       Davidson French (TN BPR#015442)
       Tim K. Garrett (TN BPR #12083)
       Bass, Berry & Sims, PLC
       315 Deaderick Street, Suite 2700
       Nashville, Tennessee 37238
       (615) 742-6240
       (615) 742-2740 Fax
       Email: dfrench@bassberry.com

                                        Henry C. Barnett, Jr. Esq. (AL BAR 037)
                                        Capell & Howard P.C.
                                        150 South Perry Street
                                        Montgomery, Alabama 36104
                                        (334) 241-8000
                                        (334) 241-8214 Fax
                                        Email: hcb@chlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th of July, 2008 a copy of the foregoing Notice was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to

John D. Saxon
Russell P. Parker
Attorneys for Plaintiffs
2119 Third Avenue North
Birmingham, AL  35203

Parties may access this filing through the Court's electronic filing system.

                                        s/Davidson French

6931569.1

TOTAL P.01

**THE MEDICAL BUILDING**
209 N. Prairie St.
Union Springs, AL 36089
Phone # 334-738-2146  Fax # 334-738-5021

July 26, 2005

Re: Margaret Carter



EXHIBIT A

To Whom It May Concern:

Ms. Carter is able to work a full shift for 2 days/one week. Ms. Carter will be able to return to her regular duties. Should you have any question, please do not hesitate to call the above number.

Sincerely,

L. Domingo, MD